J-A19001-21

2021 PA Super 221

IN THE INTEREST OF: K.B., A MINOR : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: COMMONWEALTH OF :
PENNSYLVANIA :
:
:
:
:
: No. 399 EDA 2021

Appeal from the Order Entered January 11, 2021
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s): CP-46-JV-0000210-2020

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.[*]

OPINION BY DUBOW, J.: **FILED NOVEMBER 9, 2021**

Appellant, the Commonwealth, appeals from the January 11, 2021 pre-dispositional Order that found the alleged victim, six-year-old A.B. ("Child Victim"), incompetent to testify in the delinquency proceedings against K.B. ("Juvenile"). Upon review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

The factual and procedural history relevant to this appeal is as follows. On March 13, 2020, during a bath, Child Victim disclosed to her father that Juvenile, who was a family friend, had touched her genitalia on two occasions. A few days later, Child Victim participated in a forensic interview at Mission Kids where Child Victim made the additional disclosure that Juvenile penetrated Child Victim. Based on Child Victim's disclosures, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth charged juvenile with one count of Rape and three counts of Aggravated Indecent Assault.[1]

On October 21, 2020, the trial court held a hearing to determine if Child Victim was competent to testify. After hearing direct and cross-examination of Child Victim, the trial court found that Child Victim is incompetent to testify. On October 30, 2020, the Commonwealth filed a Motion for Reconsideration and a Motion to Reopen Testimony requesting that the trial court allow an expert witness to testify regarding Child Victim's competency. On November 10, 2020, the trial court denied the Motion for Reconsideration but granted the Motion to Reopen Testimony. On January 11, 2021, the trial court heard testimony from Megan Kerper, M.S.W., Child Victim's therapist who was qualified as an expert in child development and behavior and child therapy. At the conclusion of the hearing, the trial court reaffirmed its finding that Child Victim is incompetent to testify.

The Commonwealth filed a timely Notice of Appeal, certifying that pursuant to Pa.R.A.P. 311(d), the Commonwealth is entitled to an appeal as of right because the Order in question will terminate or substantially handicap the prosecution. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925. In its Rule 1925(a) Opinion, the trial court explained that it concluded Child Victim was incompetent to testify because the evidence demonstrated that she does not sufficiently understand her duty to tell the

---

[1] 18 Pa.C.S. § 3121(c), 3125(a)(7-8).

truth and is incapable of perceiving accurately. **See** Trial Ct. Op., dated 4/6/21, at 3-7 (unpaginated).

**ISSUE RAISED ON APPEAL**

The Commonwealth raises the following issue for our review:

Whether the trial court abused its discretion in finding [C]hild [V]ictim incompetent to testify where [J]uvenile failed to meet his burden of proving that [C]hild [Victim] was incompetent, the court's finding was unsupported by the record, and the court misapplied the law and conflated distinct principles of law.

Commonwealth's Br. at 4; see also Errata Sheet, 6/10/21.

**LEGAL ANALYSIS**

We review a competency ruling for an abuse of discretion. **Commonwealth v. Delbridge**, 855 A.2d 27, 34 n.8 (Pa. 2003). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record, discretion is abused." **Commonwealth v. D.J.A.**, 800 A.2d 965, 970 (Pa. Super. 2002) (citation and quotation marks omitted). "Most fundamentally, a trial court's judgment is manifestly unreasonable, and therefore an abuse of discretion, if it does not find support in the record." **Id.**

In Pennsylvania, competency is a threshold legal issue to be decided by the trial court. **Commonwealth v. Hutchinson**, 25 A.3d 277, 290 (Pa. 2011). Although witnesses are generally presumed to be competent, Pennsylvania law presently requires that child witnesses be examined for

- 3 -

competency. *Id.* at 289. *See* Pa.R.E 601(a). Our Supreme Court has explained, "[t]he capacity of young children to testify has always been a concern as their immaturity can impact their ability to meet the minimal legal requirements of competency." *Delbridge*, 855 A.2d at 39. Further, "[c]ommon experience informs us that children are, by their very essence, fanciful creatures who have difficulty distinguishing fantasy from reality; who when asked a question want to give the 'right' answer, the answer that pleases the interrogator; who are subject to repeat ideas placed in their heads by others; and who have limited capacity for accurate memory." *Id.* at 39-40.

Under Rule 601(b), a person may be deemed incompetent to testify if the Court determines that, because of a mental condition or immaturity, the person:

(1) is, or was, at any relevant time, incapable of perceiving accurately;

(2) is unable to express himself or herself so as to be understood either directly or through an interpreter;

(3) has an impaired memory; or

(4) does not sufficiently understand the duty to tell the truth.

Pa.R.E. 601(b).

"However, where a child under the age of 14 is called to testify as a witness, the trial court must make an independent determination of competency, which requires a finding that the witness possess (1) a capacity to communicate, including both an ability to understand questions and to frame and express intelligent answers; (2) the mental capacity to observe the

actual occurrence and the capacity of remembering what it is that he or she is called to testify about; and (3) a consciousness of the duty to speak the truth." *Commonwealth v. Walter*, 93 A.3d 442, 451 (Pa. 2014). "A competency hearing of a minor witness is directed to the mental capacity of that witness to perceive the nature of the events about which he or she is called to testify, to understand questions about that subject matter, to communicate about the subject at issue, to recall information, to distinguish fact from fantasy, and to tell the truth." *Hutchinson*, 25 A.3d at 290 (citation omitted).

Notably, a competency determination does not involve an assessment of credibility. *Walter*, 93 A.3d at 451. "Competency relates to the capacity of the witness to communicate, to observe an event and accurately recall that observation, and to understand the necessity to speak the truth." *Id.* (citation and internal quotation marks omitted). However, "[c]redibility involves an assessment of whether or not what the witness says is true." *Id.* (citation omitted).

**Duty to Tell the Truth**

The Commonwealth first argues that the trial court abused its discretion when it found that Child Victim does not understand her duty to tell the truth and, therefore, is incompetent to testify. Commonwealth's Br. at 12. The Commonwealth avers that the record supports an opposite finding. *Id.* at 13-20. The Commonwealth asserts that Child Victim testified that she knew the

difference between a truth and a lie and demonstrated that she knew the difference by identifying truthful and untruthful statements. *Id.* at 17-19. The Commonwealth also contends that Child Victim testified that telling the truth was the number one rule in court and that it was important to tell the truth even if it would make someone upset. *Id.* at 18. Finally, the Commonwealth avers that Ms. Kerper testified to reasonable degree of professional certainty that Child Victim has the mental capacity to understand the difference between a truth and a lie and understands the importance of telling the truth. *Id.* at 19. The Commonwealth claims that, in light of this evidence, the record does not support the trial court's finding that Child Victim did not understand her duty to tell the truth. Our review of the record belies this claim.

The Commonwealth emphasizes specific excerpts of testimony from Child Victim and Ms. Kerper to support its claim, while disregarding their testimony in aggregate. The trial court considered the totality of evidence presented, including testimony obtained on cross-examination, to find Child Victim did not sufficiently understand "the duty or the importance of telling the truth." Trial Ct. Op., dated 4/6/21, at 4 (unpaginated). The trial court opined:

> The testimony of the expert witness indicates that Child Victim was willing to tell falsehoods under certain circumstances. Upon cross-examination, the expert witness admitted that Child Victim would "sometimes give something incorrect as an answer if she thinks that's what she is supposed to say . . ." [N.T. Hearing, 1/11/21, at 40]. This assertion is consistent with what Child

> Victim offered as testimony in the October 21, 2020 hearing, where upon cross-examination she affirmed that she sometimes provides certain answers not because they are true, but because she is trying to give the answer that the inquirer wants to hear, and this is why she had incorrectly answered certain questions during the earlier direct examination. [N.T. Hearing, 10/21/20, at 29-31].

*Id.*

Our review of the record supports the trial court's findings. Indeed, on cross examination six-year-old Child Victim admits multiple times that she answered "yes" to the leading question asked on direct examination, "are you in 10th grade," because she thought she was supposed to answer that way and she was trying to get the answer right. N.T. Hearing, 1/11/21, 25-31. Child Victim also testified that the answer was a lie. *Id.* at 26. Accordingly, the record supports the trial court's finding that Child Victim does not understand the duty and importance of telling the truth.

We decline to reweigh the evidence and, thus, conclude that the trial court did not abuse its discretion when it found that Child Victim was incompetent to testify.

**Incapable of Perceiving Accurately**

The Commonwealth next asserts that the trial court's finding that Child Victim is incapable of perceiving accurately is unsupported in the record. *Id.* at 28-29. The Commonwealth argues that the trial court improperly considered Ms. Kerper's testimony that Child Victim does not understand the nature of the allegations against Juvenile to support the court's finding that Child Victim is unable to perceive accurately. *Id.* at 25-28. The

Commonwealth further argues that the court misapplied the law when the court conflated the standards for competency of a witness to testify with competency of a defendant to stand trial, the latter of which involves consideration of whether a defendant understands the proceedings against him. *Id.* at 25-28 (citing, *inter alia*, 50 P.S. § 7402(a)). We disagree.

In support of its conclusion that Child Victim is incompetent to testify, the trial court found that Child Victim is incapable of perceiving accurately because she does not understand the serious nature of the allegations against Juvenile. Trial Ct. Op. at 4-6 (unpaginated). The trial court opined:

> [T]he expert witness suggested upon direct examination that Child Victim was not capable of perceiving accurately, as she did not understand the significance of the allegations against Juvenile. As stated by the expert witness, "She still loves Juvenile, she considers him a family member and definitely does not understand the impact or the seriousness of the allegations." [N.T. Hearing, 1/11/21, at 28].

*Id.* at 4-5 (unpaginated).

The Commonwealth incorrectly argues that it was inappropriate for the trial court to consider whether Child Victim understands the serious nature of the allegations against Juvenile. As stated above, our Supreme Court has explained that "[a] competency hearing of a minor witness is directed to the mental capacity of that witness **to perceive the nature of the events about which he or she is called to testify**, to understand questions about that subject matter, to communicate about the subject at issue, to recall information, to distinguish fact from fantasy, and to tell the truth."

***Hutchinson***, 25 A.3d at 290 (emphasis added; citation omitted). Accordingly, it was not improper for the trial court to consider testimony that Child Victim does not understand the serious nature of the allegations against Juvenile. The record supports the trial court's findings, and, thus, we conclude that the court did not abuse its discretion.

**Credibility Determinations**

Finally, the Commonwealth argues that the trial court misapplied the law by basing its conclusion, in part, on credibility findings. Commonwealth's Br. at 29. The Commonwealth contends that the trial court improperly "focused on [Child Victim]'s obviously incorrect answer to the leading question of whether she was in tenth grade" and based its conclusion that Child Victim was incompetent to testify on the fact that that the court found that Child Victim was not credible. ***Id.*** at 31. This argument is purely speculative and lacks merit.

We acknowledge that a competency determination does not involve an assessment of credibility. ***Walter***, 93 A.3d at 451. However, our review of the record reveals that the trial court did **not** make credibility determinations. Rather, in its analysis of whether Child understood her duty to tell the truth, the trial court considered Child's testimony on cross-examination that her previous answer was a lie. We discern no abuse of discretion.

In sum, the record supports the trial court's findings that Child Victim does not sufficiently understand her duty to tell the truth and is unable to

perceive accurately.  Therefore, we conclude that the trial court did not abuse its discretion when it found that Child Victim is incompetent to testify.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/09/2021